COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-339-CR
2-04-340-CR
 
 
ATRICE 
L. OLIVER                                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
appeals from the trial court’s denial of his postconviction motion for DNA 
testing. In one point, appellant contends that the trial court erred in denying 
the motion on the ground that there is no reasonable likelihood new DNA 
techniques would provide a more accurate result because this conclusion is 
“nothing more than unsupported speculation.” The State argues that under 
article 64.01(b)(2) appellant presented no evidence showing that some newer DNA 
test would likely provide more accurate and probative results than the DNA-RFLP 
test that was performed prior to appellant’s trial. See Tex. Code Crim. Proc. Ann. art. 
64.01(b)(2) (Vernon Supp. 2004-05); Rivera v. State, 89 S.W.3d 55, 59 
(Tex. Crim. App. 2002) (holding chapter 64 requires a defendant to establish 
that a reasonable probability exists that exculpatory DNA testing of the 
evidence would prove his innocence).
        The 
analyst of the DNA samples concluded that the probability of selecting an 
unrelated individual matching appellant’s profile was one in greater than 1.3 
billion Caucasians, one in 310 million Hispanics, and one in 63 million 
African-Americans. Given these results and the lack of any controverting 
evidence, appellant failed to show a reasonable likelihood that new testing 
techniques would provide a more accurate result. Therefore, the trial court 
properly denied his motion for forensic DNA testing. See Tex. Code Crim. Proc. Ann. art. 
64.01(b)(2); Rivera, 89 S.W.3d at 59; Luna v. State, No. 
02-03-00012-CR (Tex. App.—Fort Worth Aug. 14, 2003, pet. ref’d) (not 
designated for publication). Accordingly, we overrule appellant’s sole point 
and affirm the trial court’s judgments.
   
   
                                                                  PER 
CURIAM
  
 
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.